# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### November 6, 2012 Session

## BRENDA REYNALDA INZUNZA v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Davidson County
### No. 96-D-2222     Steve R. Dozier, Judge

### No. M2011-02641-CCA-R3-PC - Filed January 7, 2013

The petitioner, Brenda Reynalda Inzunza, appeals the dismissal of her petition for post-conviction relief as time-barred, arguing that her trial counsel provided ineffective assistance for failing to advise her of the deportation consequences of her guilty plea and that the statute of limitations should be tolled because <u>Padilla v. Kentucky</u>, 559 U.S. ___ , 130 S. Ct. 1476 (2010), announced a new rule of constitutional law that did not exist at the time she entered her plea. In the alternative, she argues that due process considerations should operate to toll the statute of limitations. Following our review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Patrick T. McNally, Nashville, Tennessee, for the appellant, Brenda Reynalda Inzunza.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Rachel M. Sobrero, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### <u>FACTS</u>

In October 1996, the Davidson County Grand Jury indicted the petitioner, a citizen of Mexico, for conspiracy to deliver over 700 pounds of marijuana, a Class A felony, based on her actions in warning her boyfriend's drug supplier of an impending police raid and arrest. On March 13, 1997, the petitioner pled guilty to accessory after the fact, a Class E

felony, in exchange for a one-year sentence, which was suspended to time served and unsupervised probation.

More than fourteen years later, on March 30, 2011, the petitioner filed a petition for post-conviction relief in which she raised claims of ineffective assistance of counsel and an unknowing and involuntary guilty plea. Specifically, she alleged that counsel provided ineffective assistance for failing to advise her that her felony drug conviction would result in her deportation to Mexico and bar her from obtaining legal permanent status in the United States. She further alleged that counsel's failure to advise her of the immigration consequences of her plea, along with the fact that no translator was provided for her at the guilty plea hearing, rendered her guilty plea unintelligent, unknowing, and involuntary. The petitioner asserted that the United States Supreme Court's opinion in Padilla v. Kentucky, which was released less than a year before the filing of her petition, announced a new rule of constitutional law that applied retroactively to her case and acted to toll the statute of limitations for the filing of her post-conviction petition.

On November 10, 2011, the post-conviction court entered an order summarily dismissing the petition on the basis that it was filed beyond the one-year statute of limitations and the petitioner failed to show any valid reason that the statute of limitations should be tolled. Thereafter, the petitioner filed a timely notice of appeal to this court.

## ANALYSIS

Post-conviction relief is warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. Tenn. Code Ann. § 40-30-103. The burden in a post-conviction proceeding is on the petitioner to prove the factual allegations in support of his or her grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law, however, are subject to *de novo* review with no presumption of correctness. Id. at 457.

Under the Post–Conviction Procedure Act, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a) (2012).

The post-conviction statute contains a specific anti-tolling provision:

> The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Id.

Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered, which includes when

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial[.]

Id. § 40-30-102(b)(1). In addition, principles of due process may allow for the tolling of the statute of limitations in limited circumstances. See Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000) ("[W]e conclude that while the one-year statute of limitations set forth in Tenn. Code Ann. § 40-30-202 (a) does not violate due process on its face, application of the statute must not deny a petitioner a reasonable opportunity to raise a claim in a meaningful time and manner."); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001); Burford v. State. 845 S.W.2d 204, 208 (Tenn. 1992).

In Padilla, the United States Supreme Court held that an attorney's performance was deficient under the Strickland test because the attorney failed to warn the attorney's non-citizen client that his guilty plea would result in deportation. 130 S. Ct. at 1483-84. The Padilla Court also held that in cases where the law regarding deportation is not "succinct and straightforward," counsel must advise "a noncitizen client that pending criminal charges may

carry a risk of adverse immigration consequences." Id. at 1483. Noting that it had "never applied a distinction between direct and collateral consequences to define the scope of constitutionally 'reasonable professional assistance' under Strickland," the Padilla Court declined to follow the reasoning of the Kentucky Supreme Court, which had rejected Padilla's ineffectiveness claim on the grounds that the advice he sought from his counsel concerned only "collateral matters." Id. at 1481 (citations and footnotes omitted).

The petitioner contends that her case falls within subsection (b)(1) of Tennessee Code Annotated section 40-30-102 because Padilla altered the ruling of Bautista v. State, 160 S.W.3d 917, 921-22 (Tenn. Crim. App. 2004), which held that counsel's failure to advise a defendant of the immigration consequences of a guilty plea does not constitute ineffective assistance because deportation is a collateral, rather than a direct, consequence of a defendant's guilty plea. This court has, however, repeatedly concluded that although Padilla announced a new rule of law, it is not entitled to retroactive application. See, e.g., Francisco Miquel Jose v. State, No. M2011-00295-CCA-R3-PC, 2012 WL 4479271, at *3 (Tenn. Crim. App. Sept. 28, 2012); Ricardo Rodriguez v. State, No. M2011-02068-CCA-R3-PC, 2012 WL 4470675, at *4 (Tenn. Crim. App. Sept. 27, 2012); Dwayne Jabbar Seales v. State, No. M2011-01151-CCA-R3-PC, 2012 WL 2873381, at *3 (Tenn. Crim. App. July 13, 2012); Rene S. Guevara v. State, No. W2011-00207-CCA-R3-PC, 2012 WL 938984, at *2-3 (Tenn. Crim. App. Mar. 13, 2012), perm. app. denied (Tenn. Aug. 16, 2012); Konstantinos Diotis v. State, No. W2011-00816-CCA-R3-PC, 2011 WL 5829580, at *2 (Tenn. Crim. App. Nov. 17, 2011). In this case, we, likewise, conclude that Padilla is not entitled to retroactive application and does not, therefore, satisfy the requirements of Tennessee Code Annotated section 40-30-102(b)(1) for tolling the statute of limitations in a post-conviction case.

The petitioner additionally argues that this court erred by applying the analysis in Teague v. Lane, 489 U.S. 288 (1989), to determine the retroactive application of the rule in Padilla rather than giving the rule broader application under a more liberal state view and, in the alternative, that the rule in Padilla is entitled to retroactive application because it "merely relates the precedential rule of Strickland to a particular factual setting" rather than announcing a new federal constitutional rule. We have, however, already rejected similar claims by a petitioner in another case. See Rodriguez, 2012 WL 4470675, at *5-6. We also agree with the State that the petitioner has waived consideration of her claim that due process considerations should operate to toll the statute of limitations because she failed to raise the issue in her petition or before the post-conviction court. See Seales, 2012 WL 2873381, at *3 (concluding that petitioner's claim that due process considerations should toll the statute of limitations was waived because petitioner presented the issue for the first time on appeal); Diotis, 2011 WL 5829580, at *2 ("We need not tarry long over the petitioner's claim of due process tolling because he has presented the claim for the first time on appeal."). We,

therefore, affirm the summary dismissal of the petition on the basis that it was filed outside the one-year statute of limitations.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the judgment of the post-conviction court summarily dismissing the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE